83,753-01

From: Jonathan berns # 1201038
3899 State Highway 98
Telford Unit
New Boston, Texas 75570

Notice to The Attorney general of the state of Texas
P.O Box 12548
Austin Texas 78711-2548

Please be advised of the following pleadingsthat are now before the Court of criminal appealse the applicant filing seeks to give the highest court in the state of Texas the final opportunity to resolve all the issues of his dispute before moving for reliefthough art.§ 2254.

The applicant presentss two additonal grounds pointing out jurisdictial defects that renders the conviction void.

A copy has been served by certified mail on the clerk of the convicting court and the clerk of the court of criminl appeals of Texas

Respctfully Submitted

_Jonathan Barnes_

PRO SE JONATHAN BARNES

RECEIVED IN.
COURT OF CRIMINAL APPEALS

OCT 02 2015

Abel Acosta, Clerk

EX PARTE                          §            274 TH DISTRICT COURT
                                  §
JONATHAN BARNES                   §
                                  §
Applicant                         §            CALDWELL COUNTY, TEXAS

## MOTION FOR PLAIN ERROR PURSUANT TO RULE 52(b)

Now comes the Applicant Jonathan Barnes filling this motion for Plain Error pursuant to rule 52(b) of the Fed. rules of Criminal Procedure. 52(b) points out errors so obvious and clear that his trial Counselor, Appellant Counselor, Trial Judge and that the Prosecutors were derelict in countenancing them, even absent the defendent's timely assistance in detecting them. And if the court so permits the Applicant will show how he is actually innocent. And due to a devias from a legal Rule 38.17 of the T.C.C.P. Resulting in his unlawful arrest, detention, and violation of his Constitutional Rights. (see) Calverley 37 F 3d 160(1994).

## THE INDICTMENT IS FUNDAMENTALLY DEFECTIVE

The conviction is VIOD because the indictment did not provide adequate notice of the acts, the Applicant was charged for nor did it give the Applicate sufficient notice or the opportunity to prepare a proper defense. Under the Constitution of the United States, the sixth amendment provides that the accused has the right to have compusulsory process to obtain witnesses in his favor, a right which was denied the petitioner due to the fact that the indictment failed to provide adequate notice of the day that the alleged act was said to have been performed. Therefore the Applicant could not assert an affirmitive defence nor could he provide an alibi defence of his where abouts at the time of the events in question, causing a prejudice to his ability to call witnesses in his favor a Federally protected right.

A charging instrument must convey sufficient notice to allow the accused to prepare his defense.Tex. Code Crim.P.Ann.§ 21.03. Similarly,in Cole v. Arkansas,the Court explained:

Noprinciple of prcedural due process is more clearly established than that notice of the specific charge,and a chance to be heard in a trial of the issues raised by that charge,if desired,are among the constitutional rights of every accused in a criminal proceeding in all courts,state of federal...It isas much a violation of the due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made.Id.,333 U.S. at 201,68 S. Ct. at 517 (citations omitted) (emphasis added).

Tex.Const.art.V,§ 12(b).An instrument that does not charge the commission of an offense is not a charging instrument under the Texas Constitution and does not invest acourt with jurisdiction. Such a defect may be raised at any time,and the failer to object is not fatal to an appeal.

A defect in the charging instrument relating to jurisdictional requirements cannot be "cured"by subsequent proceedings and cannot be waived.Judicial action without jurisdiction is void. (see) MURK v. STATE/775 S.W.2d 415;1989 Tex.App.

An indict ment serves two functions.First,it gives the court jurisdiction over the case.Second,it satisfies due process requirements by providing notice to a defendant of that offense with which he is charged. The state is bound by the allegations it sets out in the indictment it must prove those allegations,because of due process requirements,beyond a reasonable doubt. BENSON V. STATE,661 S.W.2d 708;1983 Tex.Crim.App.

Tex.Const.art.V,§§ 5,6 confer appellate jurisdiction upon the courts of appeals that includes the power to review questions of fact in criminal cases.

When their jurisdicton to reveiw fact questions is properly invoked,the court of appeals cannot ignore constitutional and statutory mandates.(see) CLEWIS v. STATE 922 S.W.2d 126;1996 Tex. Crim.App.

## II. THE COURT LACKED THE LEGAL JURISDICTION TO CONVICT

## IN VIOLATION OF T.C.C.P. ART. 38.17

Without providing corraboration the court has deviated from legal rules/ policies of the statute were as Art.38.17 provides that," In All cases where byy law two witnesses or one with corraborating circumstances are required to authorize a conviction, if the requirement be not fullfilled the court shall instruct the Jury to enter a judgement of acquittal and they are bound by the instructions.

The proof needed to the vital element of the prosecutors case-in-main thus, did not meet the requirement of Art,38.17. The credibility of the testimony of the witnesses whom were not present nor could they give a first head account to the events in question based their statements solely of the state--mentsof the main witness whom by being one witness provided No Proof to corraborate with the alleged malicious statement which defamed the charaater of the accused. 3 rr 103-06, 148, 156, 180 198,; 4RR 17-18. Yet No physical evidence was provided that demonstrated corraborating circumstances required to authorize the court's jurisdictual power to convict the accused. Nevertheless the court has deviated from the legal standards of ART.38.17, and lacked the legal juris diction to convict one whom by law is Innocent till proven guilty with either Two witnesses or One withess with corraborating circumstances.

Lawmakers where aware that the court could not always on the testimony of one witness due to the previous political mis-use of the criminal justic process by those with less-than-honorable ends. Therefore by being aware that there are those whom would lieunder the oath, Lawmakers formulated a rule that the court was barred by the rules of law from deviating from under Art. 38.17.

Art. 38.17 institutes limits on the courts jurisdictual power to convict, Firmly identifying evidence whoch could not be given to legal effect Because the law dose not permit it The testimony of one without corraboration is not sufficient because the court cannot prove the truth of the allegations and under the 14th amemdment of the United states the accuse is entitled to equal protection of the law.

The court is Barred by the rules of law from given wieght to the testimony of one witness without corraborating facts Thus, in effect the testimony of one witness along is "NOEVIDENCE see; the absence of the Vital fact, Bennett v. Reynolds, 242 S.W. 3d 866 2007.

## PRAYER

Appllicant prays that this court grant him an Acquital of all

charges which now holds him confined and any other relief this

court deems is necessary.

Respectfuully Submitted,

MR. JONATHAN BARNES    Pro" Se

## Certificate of Service

I certify that a true copy of the above was served on the

clerk of CaldwellCounty Texas, on this ___29___ day of ___Sept___,2015.


_Jonathan Barnes_
Pro'Se

MR JONATHAN BARNES

6of7

# Unsworn Declaration
## (Texas Civil Practice and Remedies Code, Section 132.001)

My name is: _JONATHAN BARNES_
First                        Middle                               Last

my date of birth is: _05_ / _22_ / _1986_, and
Month   Day   Year

my address is: _3899 state HIGH WAY 98    NEW BOSTON   TEXAS   75570_
Street Address          City           State      Zip Code

and _USA_
Country

| (If you are incarcerated, you must also include the following information.) |
| --- |
| My inmate identifying number, if any, is: _1201039_ |
| I am presently incarcerated in: _TELFORD UNIT_ |
| Corrections Unit Name |
| in: _NEW BOSTON_    _BOWIE_      _TEXAS_    _&%%& )_ |
| City        County       State      Zip Code |

**I declare under penalty of perjury that all information in the attached document titled,**

_MOTION OF PLAIN ERROR_
Name of Document         , **is true and correct.**

Signed in _USA   BOWIE_ County, _TEXAS_,
County                 State

on this date: _9_ / _29_ /2015.
Month  Day  Year

_Jonathan Barnes_
Your Signature

Mr. JONATHAN BARNES PROSE

Pursuant to Texas Civil Practice and Remedies Code Section 132.001, an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law. This provision does not apply to an oath of office or an oath required to be taken before a specified official other than a notary public. An unsworn declaration made under this section must be 1) in writing, 2) signed by the person making the declaration as true under penalty of perjury and 3) in substantially the form used above.

© TexasLawHelp.org – Unsworn Declaration, August 2012

7 of 7